UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERMAINE LOCKHART,

        Plaintiff,

        v.                                        Case No. 23-cv-1243-bhl

CO BEILKE, et al.,

        Defendants.

## SCREENING ORDER

Plaintiff Jermaine Lockhart, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Lockhart's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Lockhart has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Lockhart has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $10.92. The Court will grant Lockhart's motion for leave to proceed without prepaying the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Lockhart is an inmate at the Waupun Correctional Institution. Dkt. No. 1 at 1. Defendants are Correctional Officer (CO) Beilke, Nurse Megan Leberak, and Dr. English. *Id*. at 1-2.

On May 14, 2023, CO Beilke conducted medication pass in the restrictive housing unit. *Id*., ¶¶8-9. CO Beilke used a scanner and handed Lockhart some pills; and Lockhart took the pills, assuming they were his. *Id*., ¶¶9-10. Lockhart then asked for his Albuterol inhaler and his prescription for Sasalate. *Id*., ¶¶11-12. CO Beilke used the scanner again and, at that point, he noticed he had previously given Lockhart another inmate's medication. *Id*., ¶¶13-15, 17, & 22. CO Beilke asked if Lockhart had already taken the pills, and Lockhart responded that he had. *Id*., ¶16. CO Beilke then attempted to give Lockhart the correct pills, but Lockhart rejected them because he didn't know how the various medications may interact and affect him. *Id*., ¶¶18-19. CO Beilke stated that he had to inform the sergeant and the Health Services Unit (HSU), and he left. *Id*., ¶¶20-23. He came back a few minutes later and reported that Nurse Leberak was going to contact Dr. English. *Id*., ¶24.

About 15 minutes later, Lockhart told CO Beilke that he was having suicidal thoughts and that his stomach was hurting and burning. *Id*., ¶25. CO Beilke asked if he had plans to self-harm; and Lockhart responded, "No!" *Id*., ¶26. CO Beilke then brought over some crackers. *Id*., ¶27. About 30 minutes after that, Lockhart found out that he was medically cleared. *Id*., ¶28. According to Lockhart, Dr. English allegedly told Nurse Leberak, "no testing or monitoring" and that the improperly ingested medication "should not be an issue." *Id*., ¶29. Following that directive, Nurse

3

Leberak refused to provide Lockhart with any kind of medical care for ingesting the wrong medication. *Id.*, ¶30.

As time passed, Lockhart experienced more suicidal thoughts. *Id.*, ¶¶31-33. Lockhart states that the side-effects of the medications he took included suicidal thoughts or behavior, diarrhea, nausea, stomach pains, dry mouth, and sleepiness. *Id.*, ¶44. Lockhart repeatedly pressed the emergency call button to report his condition and was told that a sergeant would be informed. *Id.*, ¶¶31-32. Later, during meal pass, Lockhart stood on top of his sink and various correctional officers, including CO Beilke, saw him and asked what he was doing. *Id.*, ¶¶34-35. Lockhart responded, "I told y'all I was feeling suicidal." *Id.*, ¶35. Lockhart then "jump[ed] backwards off the sink landing on his hip, side and back injuring hi[m]self." *Id.* CO Beilke responded, "stop playing, you did not hit your head, I seen you." *Id.*, ¶36. CO Beilke did not allow Lockhart to get medical treatment for his painful hip, side, and back injury. *Id.*, ¶¶37, 43. For relief, Lockhart seeks monetary damages. *Id.*, ¶47.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Lockhart asks to proceed on an Eighth Amendment denial of medical care claim against CO Beilke, Nurse Leberak and Dr. English. Dkt. No. 1, ¶¶45-47. To state a claim under the Eighth Amendment, Lockhart must allege that: (1) he had an objectively serious medical condition; and (2) the defendant was deliberately indifferent towards it. *Duckworth v. Ahmad*, 532 F.3d 675, 679

(7th Cir. 2008). A medical condition does not need to be life-threatening to be serious; it needs only to be "a condition that would result in further significant injury or unnecessary and wanton infliction of pain" if not addressed. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). A defendant is deliberately indifferent when he "actually knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). Lockhart's allegations are sufficient to state claims against only some of the named defendants.

Lockhart alleges that CO Beilke gave him the wrong medication on May 14, 2023, then refused to provide him with medical care when that medication made him suicidal and jump off his sink backwards. Lockhart does not allege facts sufficient to state a claim against CO Beilke. Courts have long recognized that an isolated, one-time mistake in dispensing the wrong medication only amounts to negligence, not deliberate indifference. *See e.g., Van Leer v. Centurion Health of Indiana, LLC*, No. 1:22-CV-02050-TWP-MG, 2023 WL 2814156, at *2 (S.D. Ind. Apr. 6, 2023); *Anderson v. Novak*, 20-cv-901-bbc, 2021 WL 39621, at *1-2 (W.D. Wis. Jan. 5, 2021); *Robbins v. Pollard*, No. 16-CV-1128, 2016 WL 8672956, at *2 (E.D. Wis. Nov. 18, 2016). Moreover, Lockhart acknowledges that, after CO Beilke realized his mistake, he immediately called HSU. This demonstrates a timely and reasonable response by the corrections officer to the mistake and it undercuts any claim that CO Beilke was deliberately indifferent to Lockhart's medical situation. Based on the facts alleged, Lockhart does not have a claim against CO Beilke in connection with receiving the wrong medication one time.

Lockhart does sufficiently allege a claim against CO Beilke in connection with allegations that CO Beilke refused to provide him with medical care after he jumped off his sink backwards and injured his hip, side, and back. Lockhart alleges that CO Beilke saw him lying on the floor in pain after he had jumped off his sink. Instead of allowing for medical care, CO Beilke directed

5

Lockhart to "stop playing." While there may be more to this story, Lockhart's allegations are enough to survive screening with respect to this incident. Based on these allegations, the Court can reasonably infer that CO Beilke may have been deliberately indifferent towards a serious medical need.

Lockhart alleges that Nurse Leberak and Dr. English disregarded his complaints of suicidal thoughts and a burning stomach after he ingested the wrong medication on May 14, 2023. He alleges that they summarily concluded that he did not need any medical care without ever speaking to him about his condition or examining him. Although disagreement with a medical care provider's medical judgment does not establish deliberate indifference, Lockhart has again alleged enough to survive screening on these claims. From the facts alleged, the Court can reasonably infer that Nurse Leberak and Dr. English might have been deliberately indifferent towards a serious medical need by refusing to speak to or examine Lockhart despite his reported suicidal thoughts and painful stomach. Therefore, Plaintiff may proceed on Eighth Amendment claims against CO Beilke, Nurse Leberak, and Dr. English in connection with allegations that they denied proper medical care at the Waupun Correctional Institution on May 14, 2023.

### Conclusion

The Court finds that Lockhart may proceed on an Eighth Amendment claim against CO Beilke, Nurse Leberak, and Dr. English in connection with allegations that they denied proper medical care at the Waupun Correctional Institution on May 14, 20230.

**IT IS THEREFORE ORDERED** that Lockhart's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Lockhart's complaint and this order

6

are being electronically sent today to the Wisconsin Department of Justice for service on CO Beilke, Nurse Leberak, and Dr. English

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, CO Beilke, Nurse Leberak, and Dr. English shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Lockhart shall collect from his institution trust account the **$339.08** balance of the filing fee by collecting monthly payments from Lockhart's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Lockhart is transferred to another institution, the transferring institution shall forward a copy of this Order along with Lockhart's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Lockhart is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on December 1, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge