UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JERMAINE LOCKHART,

                Plaintiff,

v.                                                                           Case No. 23-cv-1243-bhl

BRIAN BEILKE, et al.,

                Defendants.

---

## DECISION AND ORDER

---

      Plaintiff Jermaine Lockhart, who is representing himself, is pursuing an Eighth Amendment claim against Defendants Correctional Officer Brian Beilke, Nurse Megan Leberak, and Dr. Sara English in connection with allegations that they denied proper medical care at the Waupun Correctional Institution on May 14, 2023. Dkt. Nos. 1 & 11. Currently pending are Defendants' motion for *partial* summary judgment on exhaustion grounds and two motions to compel filed by Lockhart. Dkt. Nos. 21, 26, & 27. For the reasons set forth below, Defendants' motion will be granted, and Lockhart's motions denied.

      On April 1, 2024, Defendants filed a motion for partial summary judgment with respect to Lockhart's claim against CO Beilke. Dkt. No. 21. Defendants insist the claim must be dismissed on exhaustion grounds because Lockhart did not file any inmate complaints in connection with the claim against CO Beilke. *Id*. Despite being warned by the Court, Lockhart has not filed a timely response to the exhaustion motion. Immediately after the exhaustion motion was filed, the Court notified Lockhart, that, under Civil Local Rule 56(b)(2), his response materials were due on May 1, 2024. *Id.* The Court also warned him that under Civ. L. R. 56(b)(9), his failure to comply with

Civ. L. R. 56 might result in sanctions up to and including the Court granting Defendants' motion. *Id.* at 2.

Rather than responding on the exhaustion motion, Lockhart filed two motions to compel. Dkt. Nos. 26 & 27. Both motions relate to his claims against other defendants, specifically Nurse Megan Leberak and Dr. Sara English. Dkt. Nos. 26 & 27. Then, on May 2, 2024, Lockhart filed a letter indicating he was not opposing the exhaustion motion: "Plaintiff has not sent a reply to Defendant motion to dismiss claims against Defendant Brian Beilke nor will Plaintiff challenge the failure to exhaust." *See* Dkt. No. 28.

Because Lockhart does not oppose Defendants' motion for partial summary judgment on exhaustion grounds, the Court will grant the motion and dismiss the claim against CO Bielke without prejudice. The Court has also separately reviewed the motion and supporting materials and affirmatively concludes that CO Bielke is entitled to summary judgment on exhaustion grounds. *See* Fed. R. Civ. P. 56(e)(2)-(3). Based on the proposed findings of fact submitted by Defendants and deemed true by the Court, Lockhart did not file any inmate complaints alleging that CO Bielke refused to provide medical care after Lockhart allegedly jumped off his sink backwards and injured his hip, side, and back. Dkt. Nos. 22 & 23. As a result, CO Beilke is entitled to judgment as a matter of law based on Lockhart's failure to exhaust administrative remedies prior to brining this lawsuit.

The Court will deny Lockhart's motions to compel. On April 23, 2024, Lockhart filed a motion asking the Court to order Defendants to produce print-out information about the side-effects of receiving the wrong medication (specifically, Montelukast 10mg, Ibuprofen 400mg, and Excedrin). Dkt. No. 26. According to docket filings, Defendants objected to producing this information because Lockhart can obtain it through other means. Dkt. No. 26-1 at 2. The Court

2

agrees that Lockhart has access to this information through online research at the law library, and it is not Defendants' responsibility to conduct Lockhart's research for him. Accordingly, the Court will deny Lockhart's first motion to compel.

On April 29, 2024, Lockhart filed a second motion to compel asking the Court to order Defendants to produce documentary proof that he was given medication "in error" on May 14, 2023, including a complete list of the wrong medications he was given, and reiterating his request for print-out information about the effects of receiving the wrong medication. Dkt. No. 27; *see also* Dkt. No. 27-1, ¶2. Lockhart explains that he first asked the Health Services Unit for this information, but they would not provide it. He contends that HSU staff responded that there is no medical record or list of Lockhart receiving medication "in error." Staff further explained that inmates cannot receive what has not been prescribed, and, because Lockhart doesn't have a prescription for Montelukast, Ibuprofen, and Excedrin, HSU staff cannot give him a print-out about the side effects of these medications, unless it is requested from the DOJ. *Id*.

The Court will deny Lockhart's second motion to compel. Defendants cannot produce medical records that do not exist, and it is not their duty to create records for him. Lockhart can acquire evidence showing that he was given medication "in error" in other ways. He can serve defendants with Requests for Admission under Federal Rule of Civil Procedure 36, asking them to admit specific facts, including that he was given incorrect medication. He can also submit his own affidavit or unsworn declaration under 28 U.S.C. §1746 detailing the facts known to him about any erroneous medications he received. And, as noted above, it is Lockhart's responsibility to conduct his own case research, so the Court will not order HSU staff to give him print-out information about different medications either.

**IT IS THEREFORE ORDERED** that Defendants' motion for partial summary judgment on exhaustion grounds (Dkt. No. 21) is **GRANTED**; and the claim against Officer Beilke is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Lockhart's motions to compel (Dkt. Nos. 26 & 27) are **DENIED.**

Dated at Milwaukee, Wisconsin on May 8, 2024.

                                                 s/ *Brett H. Ludwig*
                                                 BRETT H. LUDWIG
                                                 United States District Judge